UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| O.B. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02808-JMS-TAB |
| | ) |
| GAMMA MECCANICA, | ) |
| GAMMA MECCANICA NORTH AMERICA IN- | ) |
| NOVATIVE RECYCLING SOLUTIONS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants have removed this matter to this Court, and have alleged that this Court has diversity jurisdiction over this matter. The Court notes the following issues with the jurisdictional allegations in Defendants' Notice of Removal regarding the parties in this action:

- Defendants have alleged the "residence" of an individual, rather than the individual's "citizenship." An allegation of residence is inadequate to establish diversity jurisdiction. *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). Residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). An individual's citizenship for purposes of diversity jurisdiction "is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

- Defendants have pled some or all of their jurisdictional allegations "[b]ased on the Complaint" and others based "[u]pon information and belief. Jurisdictional allegations must be made on personal knowledge, not upon information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). "Conclusional allegations are insufficient. A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).

- Defendants allege in the Notice of Removal that "GAMMA, is an Italian corporation organized and existing under the laws of the Country of Italy, and therefore is a citizen of Italy. [Filing No. 1 at 2.] These allegations regarding a foreign entity do not inform the Court which American business form that entity most closely resembles. The Seventh Circuit Court of Appeals has said such information is required to adequately address whether diversity jurisdiction exists. See *Global Dairy Solutions Pty Ltd. v. BouMatic LLC*, 2013 WL 1767964, at *1 n.1 (7th Cir. 2013) (analyzing the citizenship of the foreign corporation based on which American business form the foreign company most closely resembles) (citing *White Pearl Invesiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684 (7th Cir. 2011)). Defendants must provide the citizenship of that entity in conformity with *Global Dairy* and *White Pearl*. If it most closely resembles an American corporation, then Defendants have properly provided its citizenship – *i.e.*, its place of incorporation and principal place of business. If it most closely resembles an unincorporated association, then Defendants must provide "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all partners are citizens of "X" or that no partners are citizens of "X" is insufficient. See *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendants to file an Amended Notice of Removal by **October 1, 2018**, which addresses the issues outlined in this Order and properly alleges a basis

for this Court's diversity jurisdiction. Plaintiff is reminded of its obligation to file a statement within thirty days of Defendants' filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 9/17/2018

*Hon. Jane Magnus-Stinson, Chief Judge*
*United States District Court*
*Southern District of Indiana*

**Distribution via ECF only to all counsel of record**