UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

O.B. WILLIAMS, )
)
        Plaintiff, )
)
        v. ) No. 1:18-cv-02808-TAB-JMS
)
GAMMA MECCANICA, )
GAMMA MECCANICA NORTH AMERICA )
INNOVATIVE RECYCLING SOLUTIONS, )
LLC, )
)
        Defendants. )

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Defendants Gamma Meccanica ("Gamma")[1] and Gamma Meccanica North America Innovative Recycling Solutions, LLC ("Innovative")[2] filed a motion seeking summary judgment on all of Plaintiff O.B. Williams's claims against Defendants related to an injury Williams incurred while using a machine at work. [Filing No. 36.] Defendants argue that Williams has cited no evidence that would support a jury verdict finding Defendants put the machine that Williams was using at the time he was injured into the stream of commerce. [Filing No. 36, at ECF p. 4.] The Court agrees. Williams has failed to designate any evidence to support his allegations, and no genuine issues at to any material fact remain. Therefore, Defendants are entitled to judgment as a matter of law as to all of Williams's claims.

---

[1] Gamma contends that it has been incorrectly named as Gamma Meccanica and should be identified as Gamma Meccanica S.p.A. [Filing No. 37, at ECF p. 1.]

[2] Innovative contends that it has been incorrectly named as Gamma Meccanica North America Innovative Recycling Solutions, LLC and should be identified as Innovative Recycling Solutions, LLC. [Filing No. 37, at ECF p. 1.]

**II.    Background**

Williams alleges in his complaint that he was injured on August 24, 2016, while employed by non-party Plastic Recycling, Inc. [Filing No. 1-1, at ECF p. 3.] Williams operated plastic recycling machines, including one machine Williams refers to as the "shredder." [Filing No. 1-1, at ECF p. 3.] Williams asserts that Defendants manufactured the shredder in question. [Filing No. 1-1, at ECF p. 3.] On August 24, the extrusion feeder screw of the shredder became clogged, so Williams shut it off and attempted to unclog it. [Filing No. 1-1, at ECF p. 4.] While attempting to unclog the extrusion feeder screw, it activated, injuring Williams. [Filing No. 1-1, at ECF p. 4.]

Gamma served its first set of interrogatories and requests for production on Williams in January 2019. [Filing Nos. 37-1 and 37-2.] The sole interrogatory asked Williams to "provide all information (including but not limited to make, model number, serial number, and place of manufacture) sufficient to identify the Subject Product which You allegedly were using at the time of the Incident." [Filing No. 37-1, at ECF p. 2.] Williams's response failed to provide any of the requested information and instead just provided Williams's general recollections of using the machine at issue. [Filing No. 37-3, at ECF p. 2-5.]

In June 2019, Defendants served Williams with requests for admission, asking Williams to admit that he took the photographs attached to the document; that the equipment depicted in those photographs did not identify Gamma or Innovative anywhere on the equipment; and that he has no evidence that either Defendant manufactured, sold, or distributed the equipment, or any part of the equipment, upon which Williams was allegedly injured. [Filing No. 37-4, at ECF p. 1-3.] Williams admitted that he took the photographs, but otherwise provided no relevant information. [Filing No. 37-5, at ECF p. 1.] In response to one request, Williams stated: "I don't

2

care who manufacture what (Plastic Recycling) is (at fault) in the foregoing matter." [Filing No. 37-5, at ECF p. 2.] And with another, he similarly stated: "I am not interested in what company manufactured this machine. . . ." [Filing No. 37-5, at ECF p. 2.] Defendants filed for summary judgment as to all of Williams's claims. [Filing No. 36.]

## III. Discussion

Defendants argue that they are entitled to judgment as a matter of law because Williams has designated no evidence indicating that Defendants designed, manufactured, sold, leased, or otherwise placed into the stream of commerce the shredder that Williams alleges was defective and caused his injury. [Filing No. 37, at ECF p. 2.] Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> [T]he movant's initial burden may be discharged by showing—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case. Upon such a showing, the nonmovant must then make a showing sufficient to establish the existence of an element essential to that party's case. The nonmovant need not depose her own witnesses or produce evidence in a form that would be admissible at trial, but she must go beyond the pleadings (*e.g.*, produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a juror could properly proceed to find a verdict in her favor.

*Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013) (internal citations and quotation marks omitted). *See also Oyebade v. Boston Scientific Corp.*, 955 F. Supp. 2d 920, 926 (S.D. Ind. 2013) ("To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial."). Here, for reasons stated below, Defendants have shown there is no genuine issue as to any material fact related to Williams's claims, and Williams has not directed the Court to any evidence indicating material issues exist. Accordingly, Defendants are entitled to judgment as a matter of law.

3

### a. The Indiana Product Liability Act governs this case.

The Indiana Product Liability Act ("IPLA") governs all actions brought by a user or consumer against a manufacturer or seller for physical harm caused by a product, regardless of the legal theory upon which the action is brought. *See* Ind. Code Ann. § 34-20-1-1.

> A plaintiff bringing an action under the Act must establish that (1) he or she was harmed by a product; (2) the product was sold "in a defective condition unreasonably dangerous to any user or consumer"; (3) the plaintiff was a foreseeable user or consumer; (4) the defendant was in the business of selling the product; and (5) the product reached the consumer or user in the condition it was sold.

*Bourne v. Marty Gilman, Inc.*, 452 F.3d 632, 635 (7th Cir. 2006). Thus, a key element a plaintiff must prove to succeed with a claim under the IPLA is that the defendant "sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to the user's or consumer's property[.]" Ind. Code Ann. § 34-20-2-1.

### b. Williams has not designated evidence indicating Defendants designed, manufactured, sold, leased, or otherwise placed the shredder into the stream of commerce.

Defendants argue that while Williams alleges in his complaint that Defendants manufactured the shredder, he has failed to designate any evidence upon which a jury could find that either Defendant supplied any product that caused his injury. [Filing No. 37, at ECF p. 6.] In addition, Defendants contend that their position is bolstered by sworn statements of representatives of both Gamma [Filing No. 37-6] and Innovative [Filing No. 37-7], who have confirmed, under oath, that they reviewed the photographs submitted by Williams depicting the machinery he claims caused his injury and that they did not design, manufacture, distribute, or sell any of the machinery depicted in those photographs. [Filing No. 37, at ECF p. 8.]

Williams's response contains nothing more than an unsworn statement [Filing No. 39, at ECF p. 2-5] and illegible photograph [Filing No. 39-1, at ECF p. 1], neither of which are evidence of anything. Williams references no other potential evidence. Thus, Williams has failed to designate any evidence, beyond the pleadings, to support his claim that Defendants manufactured the machine at issue. *See, e.g., Oyebade*, 955 F. Supp. 2d. at 926 ("[R]eliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment."). Defendants, by contrast, have cited to uncontroverted evidence indicating that neither Defendant manufactured the machine which caused Williams's injury. Accordingly, Defendants have shown that there is an absence of evidence of an essential element of Williams's claim and that they are entitled to judgment as a matter of law.

**IV. Conclusion**

Defendants' motion for summary judgment [Filing No. 36] is granted. Defendants are entitled to judgment as a matter of law as to all of Williams's claims. Accordingly, this action is dismissed with prejudice.

Date: 2/12/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

O.B. WILLIAMS
4018 Bolton Ave.
Indianapolis, IN 46226